MR. JUSTICE WEBER,
specially concurring:
In Ashcraft, the Court extended to Montana Power Company immunity from tort liability in the workers’ compensation setting. The framers of the 1972 Constitution expressly overruled Ashcraft by providing immunity only to immediate employers who provide workers’ compensation coverage. Unlike the majority, I do not be *211 lieve that Article II, Section 16, contemplated Aldinger’s position, which is distinguishable from Montana Power Company’s position in Ashcraft.
In Ashcraft, the employee received workers’ compensation from Swain & Morris, the subcontractor of Montana Power. Under the quid pro quo theory which underlies the workers’ compensation law, Swain & Morris had immunity from tort liability as the employer which furnished workers compensation. Ashcraft held that Montana Power, the employer of Swain & Morris, also had immunity from tort liability. At that point Montana Power had furnished nothing in return for the freedom from tort liability.
In contrast, Montana Masonry, as Webb’s immediate employer, failed to carry workers’ compensation insurance. As a result of that failure, Aldinger, the employer which had hired Montana Masonry as a subcontractor, was required to furnish and did furnish workers’ compensation coverage to Mr. Webb. Following the quid pro quo theory, Montana Masonry under our statutes will not be granted immunity from tort liability because of its failure to furnish workers’ compensation coverage. Under the theory of the majority, Aldinger is also denied immunity from tort liability even though Aldinger actually furnished the workers’ compensation coverage which protected and paid the employee.
The majority states that the 1973 Legislature implemented the new Constitution by enacting Section 39-71-405(1), MCA, to hold the subcontractor primarily liable. The majority does not mention that the 1973 enactment was amended in 1979. I do not conclude that a 1973 enactment to workers’ compensation law which was subsequently amended is determinative.
I agree that the clear wording of Article II, Section 16 of the Montana Constitution, is determinative of the present case, because I find no legislative indication of an intent to grant immunity from tort liability to employers such as Aldinger. I find no statute which suggests that Aldinger should be considered as the equivalent of the “immediate employer who hired him” as provided in Article II, Section 16. Although I do not agree that the Constitution’s framers had this situation in mind, in view of the clear wording of the constitutional provision, I have to agree that Aldinger’s liability for workers’ compensation to Mr. Webb has not given it immunity from tort liability. Contrary to the argument of the majority, I reach that conclusion because I can find nothing in the statutes to persuade me that the legislature has actually considered the problem of Aldinger.
*212 The majority reaches the conclusion that to deprive Mr. Webb of his right to bring an action against Aldinger on Professor Larson’s equitable theory — that anyone who pays or is subject to paying workers’ compensation is entitled to immunity, whether the payment can be recovered or not — would be a most liberal construction of a constitutional imperative. I do not agree with that broad conclusion. It reminds me of the arguments made in Shea v. North-Butte Min. Co., (1919), 55 Mont. 522, 179 P. 499, when the worker questioned the constitutionality of the Workmen’s Compensation Act. In that case the Court stated as follows with regard to the purpose of workmen’s compensation:
“It is sufficient ... to call to mind that the object sought was to substitute for the imperfect and economically wasteful common-law system by private action by the injured employee for damages for negligent fault . . . which, while attended with great delay and waste, compensated those employees only who were able to establish the proximate connection between the fault and the injury, a system by which every employee in a hazardous industry might receive compensation for any injury suffered by him . . . whether the employer should be at fault or not ...”
Shea, 179 P. at 501. In that case this Court concluded that there were appropriate benefits to both the employer and employee to uphold the Act as constitutional, applying a quid pro quo theory. Under that theory, it may be that the Montana Legislature could enact legislation granting an equivalent benefit to Aldinger as the employer which furnished compensation.
Without taking a position as to whether the legislature has the power to do so under the Constitution, I do invite the legislature to carefully consider this question. It certainly may be argued that as a matter of fairness, Aldinger is entitled to immunity from tort liability in exchange for providing workers’ compensation. Consideration of that question will require careful analysis of the provisions of Article II, Section 16 of the Montana Constitution.
I concur in the result of the majority opinion.

FOOTNOTE